Jesse CARTER and Jesse Thomas, Appellants,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

No. 01–96–00071–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 5, 1998.

Wilton Chalker, Houston, for Appellee.

Before TAFT, MIRABAL and WILSON, JJ.

## OPINION ON MOTION FOR REHEARING

TAFT, Justice.

Appellee has filed a motion for rehearing in this case. We deny the motion, but withdraw our previous opinion and issue this one in its stead. Appellants, Jesse Carter and Jesse Thomas, had an auto accident with Allstate's insured. Appellants sued Allstate for failure to honor alleged oral settlement agreements. We determine whether the Statute of Frauds applies to preclude enforcement of an oral presuit settlement agreement. We reverse and remand.

### Facts

Appellants' car collided with Allstate's insured's car on November 5, 1993. Appellants hired attorney Joseph Onwuteaka to represent them in their claim for injuries from the automobile collision. On April 11, 1994, Mr. Onwuteaka sent a demand letter for settlement of appellants' claims to Allstate's adjustor, Gracie Weatherly. Mr. Onwuteaka claims Ms. Weatherly made, and he accepted, oral settlement agreements on behalf of appellants. When Allstate did not honor the agreements, appellants filed suit on May 30, 1995, for breach of contract.

Allstate filed for summary judgment based on: (1) Statute of Frauds; (2) no valid acceptance of offer before withdrawal; and (3) no "meeting of the minds" to form an agreement. Allstate attached Ms. Weatherly's affidavit stating that neither appellants nor Mr. Onwuteaka accepted any settlement agreement offers. Appellants filed a response arguing the Statute of Frauds was inapplicable and the issues of acceptance and meeting of the minds were questions of fact for the jury to decide. Appellants attached Mr. Onwuteaka's affidavit stating that on April 28, 1994, Ms. Weatherly had made specific offers for both appellants which he had orally accepted. On October 5, 1995, the trial court granted

Joseph Onwuteaka, Houston, for Appellants.

summary judgment without stating a particular basis.

## Summary Judgment Standard

■ The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). A summary judgment for a defendant that disposes of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any of the theories in its petition. *Bhalli v. Methodist Hosp.*, 896 S.W.2d 207, 209 (Tex. App.—Houston [1st Dist.] 1995, writ denied). In an appeal from a summary judgment, the standard of review and presumptions favor reversal of the judgment. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ If a defendant moves for summary judgment based on an affirmative defense, the defendant's burden is to prove conclusively all the elements of the affirmative defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden in response to a motion for summary judgment filed on the basis of an affirmative defense. *Torres v. Western Casualty & Sur. Co.*, 457 S.W.2d 50, 52 (Tex. 1970).

## Existence of Oral Agreement

■ In appellants' first point of error, they contend the trial court erred in granting Allstate's motion for summary judgment because there is a genuine issue of material fact as to the existence of an oral agreement. As set out above, the parties' summary judgment evidence conflicts about whether there was acceptance of Allstate's offer to settle appellants' claims. Accordingly, we hold there is a genuine issue of material fact precluding summary judgment regarding acceptance before withdrawal and meeting of the minds. We sustain appellants' first point of error.

## Statute of Frauds

■ In appellants' second point of error, they contend the alleged oral agreement is not governed by the Statute of Frauds. Allstate claims the Statute of Frauds is applicable to the alleged agreement as "a promise by another person to answer for the debt, default, or miscarriage of another person." Tex. Bus. & Com.Code Ann. § 26.01(b)(2) (Vernon 1987). This provision of the Statute of Frauds is commonly referred to as the "suretyship provision." E. Allan Farnsworth, Contracts § 6.2, (2d ed.1987).

■ One test for determining whether a promise to pay the debt of another is within or without the Statute of Frauds is whether the promisor is a surety, only secondarily liable, or has accepted primary responsibility for the debt. *Gulf Liquid Fertilizer Co. v. Titus,* 163 Tex. 260, 354 S.W.2d 378, 382 (1962); Tex. Bus. & Com.Code Ann. § 26.01(b)(2). If the party is primarily liable, its promise to pay a debt is not required to be in writing by the Statute of Frauds. See *Gulf Liquid,* 354 S.W.2d at 382. However, if the party is a surety, the promise to pay the debt of a third party is required to be in writing. Id.

The relevant portion of the insurance contract appears within Ms. Weatherly's affidavit:

> We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. Property damage includes loss of use of the damaged property. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages.

Had Allstate only assumed responsibility to pay damages whenever its insured became legally responsible, it would have assumed the role of a surety. When Allstate took the initiative to settle the claim for which its insured had not yet become legally responsible, however, it was settling not only its insured's potential liability but its own possible obligation to pay and its own duty to defend its insured. The oral promise to settle was an original undertaking, not a promise to answer for the debt of the insured. Therefore, the suretyship provision of the Statute of Frauds does not apply to Allstate's

promise to settle. See *Klag v. Home Ins. Co.*, 116 Ga.App. 678, 158 S.E.2d 444, 451–52 (1967) (holding insurer's oral promise to settle a claim was an original undertaking and need not be in writing).[1]

■ Allstate argues the rationale underlying Tex.R. Civ. P. 11 is applicable to this case, making the oral settlement agreement unenforceable. We disagree. In *Estate of Pollack v. McMurrey*, the Texas Supreme Court held that affidavits attesting to an oral settlement were sufficient evidence of the settlement agreement to establish a meritorious defense. 858 S.W.2d 388, 392–93 (Tex. 1993). The plaintiff had argued that the settlement agreement was not in writing, and therefore unenforceable under Tex.R. Civ. P. 11; *Pollack*, 858 S.W.2d at 393. The court held that the settlement agreement was enforceable, because rule 11 applies only to agreements concerning a pending suit, and does not apply to a preexisting agreement asserted as a defense to a suit. *Pollack*, 858 S.W.2d at 393.

We hold that a presuit oral settlement agreement between an insurer and the claimant against its insured is not rendered unenforceable by Tex.R. Civ. P. 11 or the Statute of Frauds. We sustain appellants' second point of error.

## Conclusion

We reverse the trial court's summary judgment and remand for further proceedings.

MIRABAL, J., dissents.

MIRABAL, Justice, dissenting on motion for rehearing.

I dissent.

We are called upon to construe the meaning of Tex. Bus. & Com.Code Ann. § 26.01(a) and (b)(2) (Vernon 1990), which reads:

§ 26.01. Promise or Agreement Must be In Writing

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

. . . .

(2) a promise by one person to answer for the debt, default, or miscarriage of another person.

In the context of automobile liability insurance, an insured pays premiums in return for the insurance company's agreement to pay for certain covered losses. In the present case, the insured had a policy with Allstate Insurance Company that provided, in part:

We [Allstate] will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. . . . We will settle or defend, as we consider appropriate, any claim or suit asking for these damages.

Allstate's insured was involved in an auto accident. The insured's car collided with another car, and the occupants of the other car threatened suit against the insured for damages. In the process of presuit negotiations, Allstate orally offered a sum of money to answer for the alleged miscarriage of its insured. In my opinion, Allstate's "promise to pay" clearly constituted "a promise by one person to answer for the debt, default or miscarriage of another person."

The Texas Supreme Court has made it clear that there is no legal relationship be-

1. The dissenting opinion relies on *Allstate Insurance Company v. Watson*, 876 S.W.2d 145 (Tex. 1994). In *Watson*, the issue was whether an action for unfair claim settlement practices could be brought against an insurer by a third-party claimant. *Id.* at 149. Noting that case law had already extended statutory language to allow an insured to have a cause of action for unfair claim settlement practices under article 21.21, section 16, of the Texas Insurance Code (Vernon Supp. 1998), the court declined to extend statutory language to allow third-party claimants to have such a cause of action based on extra-contractual obligations because they lacked both the contractual relationship and special relationship of trust with the insurer which had formed the basis of the case-law extension for insureds. *Watson*, 876 S.W.2d at 149. Here the issue is what kind of contractual relationship into which the insurer entered when it made a presuit promise to settle a claim.

tween a third-party claimant and an insurer. In *Allstate Insurance Company v. Watson*, 876 S.W.2d 145 (Tex.1994), the Supreme Court analyzed the nature of the relationship between a third-party claimant and an insurance company, and concluded:

A third party claimant has no contract with the insurer or the insured, has not paid any premiums, has no legal relationship to the insurer or special relationship of trust with the insurer.

*Id.* at 149.

In the absence of any legal relationship between appellants and the insurance company in the present case, how can the insurance company be "primarily liable" to appellants, as the majority holds? I respectfully submit the majority has erred.

According to section 26.01(a) and (b), Allstate's oral agreement to pay, even if verbally accepted by appellants, is not enforceable because the agreement was not in writing and signed.[1] Therefore, I would overrule appellants' point of error two, and affirm the summary judgment.

---

1. I note that it is uncontroverted that Allstate withdrew its oral offer to settle eight days after the offer was made. There is no statute of limitations problem or other detrimental reliance that would preclude the applicability of the statute of frauds.