Karen **FRAZER**, Appellant,

v.

**TEXAS FARM BUREAU MUTUAL IN-SURANCE COMPANY and Murray Straznicky, Appellees.**

**No. 01–98–01024–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 2, 1999.

Rehearing Overruled Oct. 7, 1999.

Michael C. Engelhart, Kelly Alice Greenwood, Warren Szutse Huang, Houston, for Appellant.

Jody Lynn Simpson, John F. Sullivan, David R. Poage, Macey Reasoner Stokes, Houston, for Appellee.

Panel consists Justices HEDGES, ANDELL, and DUGGAN.*

## OPINION

ERIC ANDELL, Justice.

The appellant sued her insurance company, Texas Farm Bureau Mutual Insurance Company ("Mutual"), and her insurance agent, Murray Straznicky ("Straznicky"), after she was involved in an automobile accident. In seven points of error, the appellant complains the trial court erred by rendering summary judgment in favor of Straznicky and Mutual. We affirm in part and reverse in part.

## FACTS

The appellant was involved in an automobile accident, and the other driver's in-

---

\* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

surance carrier paid the appellant the policy limits of $100,000. The appellant then sued her own insurance company, Texas Farm Bureau Mutual Insurance Company,[1] pursuant to the underinsured motorist provision of her policy. In return for signing a release, Mutual paid the appellant the policy limits of $25,000. At the bottom of the release, the appellant wrote the following: "This does not release the agent who sold the policy." Straznicky was the agent who sold the appellant her policy.

The appellant then sued the appellees, Straznicky and Mutual. The appellant alleged that Straznicky failed to increase her uninsured/underinsured motorist coverage. The appellant also alleged that Mutual was vicariously liable because they did not educate and train Straznicky.

Mutual moved for summary judgment and the trial court rendered summary judgment on the basis that: "plaintiff has released Texas Farm Bureau Insurance and Texas Farm Bureau Underwriters from all claims that she is asserting in the above-styled cause." Then, Straznicky moved for summary judgment, *inter alia*, on the basis that he had no duty to raise the appellant's limits. The trial court granted Straznicky's motion without giving a basis.

## SUMMARY JUDGMENT

Summary judgment is proper only when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Co.*, 690 S.W.2d 546, 548 (Tex.1985); TEX.R. CIV. P. 166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will

be taken as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* We will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire and Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

## I. STRAZNICKY'S MOTION FOR SUMMARY JUDGMENT

### A. NEGLIGENCE

■ In point of error one, the appellant contends the trial court erred by rendering summary judgment because Straznicky breached a legal duty when he did not raise the limits of her uninsured/underinsured motorist coverage pursuant to her request.

The appellant's third amended petition alleged, *inter alia*, that Straznicky's failure to properly advise and insure the appellant subjected Straznicky to liability for breach of contract, negligence, and violating the Deceptive Trade Practices–Consumer Protection Act ("DTPA").[2] After filing an answer, Straznicky moved for summary judgment on the basis that: (1) he had no duty to offer the appellant higher limits of coverage; (2) he owed no duty of good faith to the appellant; (3) there is no evidence that he violated the Insurance Code; and (4) he is exempt from DTPA liability because section 17.49 provides an exemption for the rendering of a professional service.

In her response, the appellant argued that Straznicky can be held liable for failing to obtain the requested coverage, and there were genuine issues of material fact

---

**1.** The appellant sued Texas Farm Bureau. In their motion for summary judgment, Texas Farm Bureau Mutual Insurance Company noted that the appellant had also erroneously sued it under the name Texas Farm Bureau. For clarity, we will refer to Texas Farm Bureau and/or Texas Farm Bureau Mutual Insurance Company as Mutual.

**2.** TEX. BUS. & C. CODE ANN. § 17.41 (Vernon Supp.1999).

whether (1) Straznicky breached an oral agreement when he failed to obtain the requested coverage, and (2) Straznicky's failure to obtain the requested coverage violated the DTPA. In support, the appellant attached her affidavit which stated, in pertinent part:

> On or about July 1994, I spoke with my insurance agent, Murray Straznicky, regarding automobile insurance coverage. We discussed raising my current limits of coverage from $20/$40 thousand to $100/$300 thousand. I agreed to raise my coverage limits. I understood this to include the limits on uninsured/underinsured motorist coverage. Thereafter, I learned that my insurance agent failed to raise the coverage limits as we had agreed.

The Texas Supreme Court has stated that an insurance agent in Texas owes the following common-law duties to a client for whom he undertakes to procure insurance: (1) to use reasonable diligence in attempting to place the requested insurance; and (2) to inform the client promptly if unable to do so. *May v. United Serv. Ass'n.*, 844 S.W.2d 666, 669 (Tex.1992); *Scott v. Conner*, 403 S.W.2d 453, 458 (Tex.Civ.App.—Beaumont 1966, no writ); *Burroughs v. Bunch*, 210 S.W.2d 211, 214 (Tex.Civ. App.—El Paso 1948, writ ref'd).

The appellant contends that her affidavit raises a fact issue as to whether she requested that Straznicky raise the limits of her uninsured/underinsured motorist coverage. We agree, and sustain point of error one.

### B. BREACH OF CONTRACT

In point of error two, the appellant contends that the trial court erred in rendering summary judgment because she raised a fact issue whether Straznicky breached a contractual duty when he did not obtain the insurance coverage she requested.

In *Carter v. Allstate Ins. Co.*, 962 S.W.2d 268, 269 (Tex.App.—Houston [1st Dist.] 1998, pet. denied), the appellants were involved in an automobile accident with an insured of Allstate. After talking to Allstate's adjuster, the appellants claimed that an oral agreement was reached. *Id.* After Allstate refused to honor the alleged agreement, the appellants sued for breach of contract. *Id.* Allstate moved for summary judgment and attached an affidavit refuting the appellants' claim that a settlement agreement had been reached. *Id.* On appeal, this Court reversed the rendition of summary judgment because we concluded a fact issue was raised by the conflicting evidence regarding the acceptance of the settlement offer. *Id.* at 270. In this case, the appellant claims she asked, and Straznicky agreed, to raise the limits of her uninsured/underinsured motorist coverage. Straznicky denies that the appellant ever requested increased coverage. Because we conclude that appellant raised a fact issue as to whether Straznicky agreed to raise her coverage limits, we sustain point of error two.

### C. DTPA

In point of error three, the appellant contends the trial court erred in rendering summary judgment because Straznicky is not exempt from the DTPA.

In his motion for summary judgment, Straznicky argued that he was exempt from liability under the DTPA because of section 17.49. Section 17.49 provides in pertinent part:

> (c) Nothing in this subchapter shall apply to a claim for damages based on the rendering of a professional service, the essence of which is the providing of advice, judgment, opinion, or similar professional skill.

TEX. BUS. & C. CODE ANN. § 17.49(c) (Ver-

non Supp.1999).[3]

We must consider whether the appellant's claims are covered by the DTPA before determining whether Straznicky is exempt under section 17.49(c).

In *Sledge v. Mullin*, 927 S.W.2d 89, 90 (Tex.App.—Fort Worth 1996, no writ), the insured sold a vehicle to her son, purchased a new vehicle for herself, and had her insurance agent change her policy to cover her new vehicle. After her son was involved in a collision in her old vehicle, her insurance company denied her claim for damages. *Id.* at 90–91. She sued her insurance company in an attempt to establish that the old vehicle was still covered by her policy even though she told her insurance agent to substitute the coverage. *Id.* She also sued her insurance agent for negligence and violations of the Texas Insurance Code and the DTPA. *Id.* The trial court rendered judgment in favor of the insurance agent. On appeal, the Fort Worth court concluded that the insured's alleged reliance on her insurance agent to advise her of her insurance needs was not a misrepresentation or a deceptive trade practice by the agent. *Id.* at 94. The court also stated that in the absence of some specific misrepresentation by the insurer or agent about the insurance, a policyholder's mistaken belief about the scope or availability of coverage is not generally actionable under the DTPA. *Id.* at 94.

In our case, the appellant claims she requested that Straznicky raise her uninsured/underinsured motorist coverage. The appellant does not state that Straznicky made a specific misrepresentation about the scope or availability of coverage,

only that he would raise her coverage limits. Because we conclude that Straznicky's alleged failure to increase her uninsured/underinsured motorist coverage was not a false, misleading, or deceptive act, we hold that the DTPA does not apply to the appellant's claims against Straznicky. *See Ashford Development, Inc. v. USLife Real Estate Servs. Corp.*, 661 S.W.2d 933, 935 (Tex.1983) (concluding that an allegation of a mere breach of contract, without more, does not constitute a false, misleading, or deceptive act in violation of the DTPA). Thus, we need not decide whether section 17.49(c) exempts Straznicky from liability because the DTPA is inapplicable to the facts of this case. We overrule point of error three.

## II. MUTUAL'S MOTION FOR SUMMARY JUDGMENT

### A. WAS UNDERWRITERS RELEASED BY THE RELEASE?

In point of error four, the appellant contends that the trial court erred by rendering summary judgment in favor of Texas Farm Bureau Underwriters ("Underwriters") because Underwriters was not specifically identified in the release.

The appellant's second amended petition[4] alleged, *inter alia*, that Underwriters was sued in its trade or common name, Texas Farm Bureau Insurance Company.

After filing an answer, Mutual moved for summary judgment on the basis that it had been released by the appellant. In her response, the appellant claimed Underwriters was not released because the release did not specifically name Under-

---

**3.** Act of May 19, 1995, 74th Leg., R.S. ch. 414, § 20, 1995 Tex. Gen. Laws 2988, 3004 provides in pertinent part:

This Act applies to all causes of action that accrued before the effective date of this Act and upon which suit is filed on or after September 1, 1996.

Because the allegedly deceptive act took place in July of 1994, and appellant filed suit after September 1, 1996, the 1995 version of the DTPA is applicable.

**4.** The appellant's second amended petition was the live pleading at the time the trial court rendered judgment for Underwriters.

writers. The trial court rendered judgment in Underwriters' favor on the grounds that the appellant "has released Texas Farm Bureau Insurance and Texas Farm Bureau Underwriters from all claims that she is asserting."

In *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419–20 (Tex.1984), the Texas Supreme Court concluded:

[T]he mere naming of a general class of tortfeasors in a release does not discharge the liability of each member of that class. A tortfeasor can claim the protection of a release only if the release refers to him by name or with such descriptive particularity that his identity or his connection with the tortious event is not in doubt.

However, in our case, the appellant signed a release that states, in pertinent part:

Frazer forever releases and discharges Texas Farm Bureau Mutual Insurance Company, and its affiliated companies, and respective officers, directors and employees, from any and all liability from any and all contractual and legal obligations whatsoever.

We conclude that, with the use of "and its affiliated companies," the release sufficiently identified Texas Farm Bureau Underwriters such that its identity is not in doubt. We overrule point of error four.

## B. WAS UNDERWRITERS REQUIRED TO PAY CONSIDERATION?

■ In point of error five, the appellant contends that the trial court erred by rendering summary judgment in favor of Underwriters because Underwriters did not pay any consideration for the release. The release states, in pertinent part:

In consideration of the payment of [$25,-000] by Texas Farm Bureau Mutual Insurance Company, the receipt of which is hereby acknowledged, Dr. Karen Frazer forever releases and discharges

Texas Farm Bureau Mutual Insurance Company, and its affiliated companies.

The appellant cites *Knutson v. Morton Foods, Inc.*, 603 S.W.2d 805, 808 (Tex. 1980), in support of her contention that Underwriters was not released from liability because it did not pay any consideration. In *Knutson*, the Court reasoned that Morton Foods was not released because Morton Foods was not a party to the settlement agreement and paid no consideration. *Id.*

■ In our case, we concluded that Underwriters was sufficiently identified in the release. Thus, Underwriters was a party to the settlement agreement. We do not believe that *Knutson* stands for the proposition that a party must give independent consideration *and* be named in the release to be released from liability. Consideration may be given by either the promisee or by some other person to either the promisor or some other person. *Hovas v. O'Brien*, 654 S.W.2d 801, 802–03 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Thus, we conclude Underwriters was not required to personally give consideration to the appellant to be released. We overrule point of error five.

## C. WHAT WAS THE SUBJECT MATTER OF THE RELEASE?

In her sixth point of error, the appellant contends that the trial court erred in rendering summary judgment in favor of Underwriters because the allegations in her second amended petition do not fall within the subject matter of the release.

■ Underwriters contends the appellant is precluded from arguing this point of error because she did not present this argument in her summary judgment response. We agree. A non-movant must expressly present to the trial court any reason that would defeat the movant's right to summary judgment in its response

to the motion for summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993); *Marchal v. Webb*, 859 S.W.2d 408, 417–18 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. Tex.R. Civ. P. 166a(c).

The appellant did not raise this issue in her response and has not preserved error for appellate review. We overrule point of error six.

## D. DID UNDERWRITERS APPEAR AND MOVE FOR SUMMARY JUDGMENT?

■ In her seventh point of error, the appellant contends that the trial court erred in rendering summary judgment in favor of Underwriters because Underwriters never made an appearance and never moved for summary judgment.

In her second amended petition, the appellant states the following:

1. Texas Farm Bureau Underwriters ("Underwriters") was sued in its trade or common name, Texas Farm Bureau Insurance Company.

2. Underwriters has appeared in this action under its common or trade name, Texas Farm Bureau.

■ Underwriters contends that the appellant's admission that Underwriters appeared precludes her from arguing the opposite on appeal. We agree. A true judicial admission is a formal waiver of proof usually found in pleadings or the stipulations of the parties. *Mendoza v. Fidelity and Guaranty Ins. Underwriters, Inc.*, 606 S.W.2d 692 (Tex.1980). A judicial admission is conclusive upon the party making it, and it releases the opposing party's burden of proving the admitted fact, and bars the admitting party from

disputing it. *Gevinson v. Manhattan Construction Co. of Oklahoma*, 449 S.W.2d 458, 467 (Tex.1969). The appellant's judicial admission that Underwriters has appeared precludes her from successfully arguing to the contrary.

The appellant also contends that the trial court erred by rendering summary judgment in favor of Underwriters because Underwriters did not move for summary judgment. We disagree. The appellant admitted that Texas Farm Bureau Insurance Company was the common name for Underwriters. Thus, the appellant has conceded that Underwriters moved for summary judgment. *Gevinson*, 449 S.W.2d at 467.

Alternatively, the appellant contends that rendition of summary judgment in favor of Texas Farm Bureau Mutual Insurance Company was error because the appellant sued Texas Farm Bureau Insurance Company. In her second amended petition, the appellant stated that Texas Farm Bureau Underwriters was sued in its trade or common name, Texas Farm Bureau Insurance Company, pursuant to Texas Rule of Civil Procedure 28. Rule 28 provides:

Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

Neither the parties nor the court moved for substitution of Texas Farm Bureau Mutual Insurance Company in place of Texas Farm Bureau Underwriters or Texas Farm Bureau Insurance Company. In light of the appellant's admission that she was suing Underwriters under its trade or common name, and her reliance on rule 28, which allows her to sue under an assumed

name, we conclude that the trial court did not err by rendering summary judgment in favor of Texas Farm Bureau Mutual Insurance Company and Texas Farm Bureau Underwriters. We overrule point of error seven.

## III. CONCLUSION

We reverse the rendition of summary judgment in favor of Murray Straznicky as to the appellant's claims for negligence and breach of contract and remand to the trial court. We affirm the rendition of summary judgment in favor of Straznicky as to the appellant's claim under the DTPA. We affirm the rendition of summary judgment in favor of Texas Farm Bureau Mutual Insurance Company and Texas Farm Bureau Underwriters Insurance Company.