Opinion issued November 6, 2003










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00333-CV




JOHN L. WILLIAMS, Appellant

V.

J.R.K. HOLDINGS, INC. AND H & M 
ENGINEERING COMPANY, INC., Appellees




On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 00-38,073




MEMORANDUM OPINION

          This is an appeal from a summary judgment in favor of appellee, J.R.K.
Holdings, Inc. (hereinafter “JRK”), and against appellant, John L. Williams. At issue
in this case is the enforcement of a settlement agreement entered into by Williams
with JRK and H & M Engineering Company, Inc. (hereinafter “H & M”). Williams
asserts that the trial court erred in entering summary judgment for JRK because (1)
the court’s judgment deprived Williams of access to the courts in violation of article
1, section 13 of the Texas Constitution; (2) the settlement agreement was never
reduced to writing or judgment of the court; (3) the parties to the settlement
agreement never had a meeting of the minds; (4) the reasonableness of attorney’s fees
was a question of fact; and (5) the court abused its discretion in awarding a total of
$45,000.00 in attorney’s fees.
          We affirm.
FACTSJRK mistakenly built a house on land owned by Williams, believing JRK
owned the land. JRK’s mistake was facilitated by H & M, a licensed surveyor, which
erroneously staked out Williams’s land for JRK’s construction site.
          JRK sued Williams in equity, seeking restitution for the value of the
improvement made on Williams’s land. In response, Williams filed a counterclaim
against JRK and a third-party claim against H & M, asserting various causes of action
against the two parties. On August 14, 2001, JRK and Williams appeared before the
trial court and acknowledged that they had reached a settlement agreement. The
parties then announced to the court the terms of the agreement, which were recorded
by the court reporter as follows:
The agreement is that the Defendant J.L. Williams, J.L. Williams will
transfer to J.R.K. Holdings, Inc. the East one-half of Lot 13 in Block 14
of Shamrock Manor subdivision on Kilkenney (sic) Street in Houston,
Texas, Harris County, Texas on which subject house was built. Then in
addition we have agreed, J.R.K. Holdings has agreed to transfer to Mr.
Williams, the Defendant, the West half of Lot 13, Block 14, Shamrock
Manor subdivision, Harris County, Texas in which there is a vacant lot.
 
In addition, Your Honor, we have agreed within thirty days to
transfer Lot 14, Block 14 Shamrock Manor, Harris County, Texas which
is also another vacant lot, Lot 14, block 14 we do not currently own, but
we have an agreement with the purchaser to sell us that property. We do
not anticipate that agreement to be interfered with, so consequently the
Defendant, Mr. Williams, has agreed not to contact directly or indirectly
the purchaser of that property. I’m sorry, the seller of that property
during that thirty day period to give us an opportunity to buy that
property without any interference for a price that we can negotiate
without any input.
 
Mr. Williams, the Defendant, will also retain the West half of Lot
12, Block 14, Shamrock Manor, Harris County, Texas and these
exchanges of property will take place within the next thirty days. There
is going to be a confidentiality agreement that none of the terms and
conditions of this agreement will be disclosed to anyone other than as
need to know basis. Everybody will bear their own costs and attorney’s
fees of the lawsuit, both the claims and counterclaims will be dismissed
with prejudice. 

          The exchange of land was not timely made, however, and JRK amended its
original petition to request specific performance of the settlement agreement. JRK’s
amended petition asserted that Williams could not convey clear title to the land upon 
 
which the improvement was situated because the land was subject to a judgment lien
against Williams. 
          On December 14, 2001, JRK filed a motion for summary judgment, requesting
that Williams be ordered to clear up title to his land and to convey the land to JRK
pursuant to the settlement agreement. JRK also requested $15,000 in attorney fees
through final judgment, as well as, $15,000 in attorney fees if the case was appealed,
$5,000 in attorney fees if a petition for review was filed in the Texas Supreme Court,
and another $10,000 in attorney’s fees if the petition for review was granted. 
          JRK offered as summary judgment evidence appellant’s deemed admissions to
JRK’s “Second Set of Requests for Admission.” These admissions established that,
under the terms of the agreement, appellant agreed to convey to JRK the land upon
which JRK’s improvement was situated. The admissions also established that
appellant agreed to convey to JRK title that was free and clear of all liens. 
          In Williams’s response to JRK’s motion for summary judgment, Williams
raised two issues


: (1) the settlement agreement did not require Williams to convey
a warranty with the title to his land, and (2) JRK could not prove that the judgment
lien clouding title to Williams’s land was enforceable against Williams.
 
 
PRESERVATION OF ERROR
          When a party moves for summary judgment, a non-movant must expressly
present to the trial court any reason that would defeat the movant’s right to summary
judgment in a written response to the motion for summary judgment. McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993); Frazer v. Tex. Farm
Bureau Mut. Ins. Co., 4 S.W.3d 819, 824-25 (Tex. App.—Houston [1st Dist.] 1999,
no pet.). It is not the trial court’s duty to sift through the summary judgment record 
and find issues that could have been raised by the non-movant but were not. McCord
v. Mem’l Med. Ctr. Hosp., 750 S.W.2d 362, 364 (Tex. App—Corpus Christi 1988, no
writ). Nor is it the duty of the appellate court to encumber itself with such an
endeavor. Id. 
          Therefore, issues not expressly presented to the trial court by written motion,
answer, or other response shall not be considered on appeal as grounds for reversal. 
Tex. R. Civ. P. 166a(c); Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989); Frazer,
4 S.W.3d at 825. Even constitutional challenges that were not presented in the trial
court cannot be the grounds for reversal of a summary judgment on appeal. City v.
Schautteet, 706 S.W.2d 103, 104 (Tex. 1986); Amoroso v. Aldine Indep. Sch. Dist.,
808 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1991, pet. denied). In
determining whether issues are presented, reliance may not be placed on briefs in
support of a response to a summary judgment motion or on summary judgment
evidence. McConnell, 858 S.W.2d at 341. Consequently, a response to a motion for
summary judgment ultimately stands or falls upon the issues expressly stated therein. 
Id.
          However, a motion for summary judgment must stand or fall on its own merits,
as well. Id. at 343. Therefore, a non-movant’s failure to file a written response to a
motion for summary judgment does not, by default, supply the summary judgment
proof necessary to establish the movant’s right to summary judgment. Id. “The effect
of such a failure is that the non-movant is limited on appeal to arguing the legal
sufficiency of the grounds presented by the movant.” Id.
          In the instant case, Williams’ response to JRK’s motion for summary judgment
did not raise any of the issues Williams is now attempting to raise on appeal. Thus,
the only issue we may consider is appellant’s third point of error, contending that
JRK’s motion for summary judgment was legally insufficient.MEETING OF THE MINDS
          In his third point of error, appellant asserts that J.R.K. did not produce legally
sufficient summary judgment proof that the parties to the settlement agreement came
to a meeting of the minds. Specifically, appellant contends that the settlement
agreement did not explicitly require appellant to convey marketable title to JRK and 
 
 
that he did not believe he was required to convey marketable title under the
agreement. Because JRK claimed that appellant was required to convey marketable
title, appellant concludes that the parties never came to a meeting of the minds.
          A traditional summary judgment under Rule 166a(c) is proper only when the
movant establishes that there is no genuine issue of material fact and that it is entitled
to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc.
v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In reviewing a summary judgment, we
indulge every reasonable inference in favor of the non-movant and resolve any doubts
in its favor. Johnson, 891 S.W.2d at 644; Lawson v. B Four Corp., 888 S.W.2d 31,
33 (Tex. App.—Houston [1st Dist.] 1994, writ denied). We take all evidence
favorable to the non-movant as true. Johnson, 891 S.W.2d at 644; Lawson, 888
S.W.2d at 33. As movant, the defendant is entitled to summary judgment if the
evidence disproves, as a matter of law, at least one element of each of the plaintiff’s
causes of action or conclusively establishes each element of an affirmative defense. 
Friendswood Dev. Co. v. McDade + Co., 926 S.W.2d 280, 282 (Tex. 1996).
          The essential elements of a breach of contract action are as follows: (1) the
existence of a valid contract, (2) performance or tendered performance by the
plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by
the plaintiff as a result of the breach. Barrios v. Enter. Leasing Co. of Houston, 110
S.W.3d 185 (Tex. App.—Houston [1st Dist.] 2003, pet. filed).
 
          The elements of a valid contract are (1) an offer, (2) an acceptance, (3) a
meeting of the minds, (4) each party’s consent to the terms, and (5) execution and
delivery of the contract with the intent that it be mutual and binding. Prime Prods.,
Inc. v. S.S.I. Plastics, Inc., 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, 
pet. denied). The determination of whether there was a meeting of the minds is based
upon an objective standard of what the parties said and did, and not on their alleged
subjective states of mind. CRSS Inc. v. Runion, 992 S.W.2d 1, 4 (Tex.
App.—Houston [1st Dist.] 1995, no writ).
          In the instant case, the settlement agreement did not provide that anything less
than marketable title be exchanged between appellant and JRK. In the absence of any
provision to the contrary, the law implies, at least with respect to executory contracts
for the sale of land, that the seller of land will furnish the buyer good and
merchantable title. Tiffany Dev. Corp. v. Cangelosi, 514 S.W.2d 321, 324 (Tex. Civ.
App.—Houston [1st Dist.] 1974, no writ). Moreover, appellant’s deemed admissions 
establish that appellant was to convey title that was free and clear of all liens pursuant
to the settlement agreement. 
          We conclude that JRK produced legally sufficient evidence to show that
appellant and JRK had a meeting of the minds regarding the type of title to be
exchanged pursuant to the settlement agreement.
          Appellant’s third point of error is overruled.
CONCLUSION
          Having overruled appellant’s third point of error and having determined that
all appellant’s other points of error were not properly preserved for appeal, we affirm
the trial court’s judgment.
 
 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.