

NUMBERS 13-09-00029-CR
13-09-00030-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**BRIAN ALEXANDER WRIGHT,**        **Appellant,**

**v.**

**THE STATE OF TEXAS,**        **Appellee.**

---

### On appeal from the 36th District Court
### of Aransas County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellant, Brian Alexander Wright, appeals from the revocation of his community supervision in trial court cause number A-05-5193-CR (appellate cause number 13-09-00030-CR). Appellant also appeals from the revocation of his community supervision in

trial court cause number A-06-5220-CR (appellate cause number 13-09-00029-CR). This opinion consolidates the Court's analysis of both appeals. *See* TEX. R. APP. P. 47.1.

On June 8, 2006, in trial court cause number A-05-5193-CR, appellant was placed on ten years' deferred adjudication for the offense of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2008). After the State filed its first motion to revoke in September 2006, appellant was continued on community supervision. On November 5, 2008, the State filed a second motion to revoke, and on December 11, 2008, it filed an amended motion. In its amended motion, the State alleged the following violations of the terms and conditions of appellant's community supervision: (1) curfew violation; (2) use of a controlled substance; (3) failure to report; (4) failure to submit to random urinalysis; (4) failure to pay restitution; and (5) failure to pay court costs and fines.

On November 20, 2006, in trial court cause number A-06-5220-CR, without a plea bargain, appellant entered a plea of no contest to possession of methamphetamine with intent to deliver, a first degree felony. *See* TEX. HEALTH AND SAFETY CODE ANN. § 481.112 (Vernon 2003). The trial court sentenced appellant to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ), probated for ten years. The court imposed a fine of $750.00 and court costs. On November 5, 2008, the State filed a motion to revoke appellant's community supervision, and on December 11, 2008, it filed an amended motion alleging the following violations: (1) use of a controlled substance; (2) failure to report; (3) curfew violations; (4) failure to complete out-patient treatment; (5) failure to submit to urinalysis testing; and (6) failure to attend "AA" meetings.

At an evidentiary hearing on both motions to revoke, appellant pleaded true to all allegations identified above.[1]  Exhibits admitted in each case included appellant's stipulation that he was the person who was tried for the specific crime and placed on community supervision and appellant's stipulation and judicial confession that he pleaded true to the violations.  Each document was signed by appellant and approved by the trial court and counsel for the State and for appellant.

In trial court cause number A-05-5193-CR, the trial court revoked appellant's community supervision, adjudicated appellant guilty, and sentenced him to ten years' confinement in the ID-TDCJ.  In trial court cause number A-06-5220-CR, the trial court revoked appellant's supervision and sentenced him to ten years' confinement in the ID-TDCJ.  The court ordered the sentences to run concurrently.  The trial court also assessed costs and fines.  Appellant appeals from each judgment.

Concluding that each "appeal is frivolous and without merit," appellant's counsel filed briefs in which he reviewed the merits, or lack thereof, of each appeal.  We affirm the judgments of the trial court.

## I.  Compliance with *Anders v. California*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed briefs with this Court, stating that "[t]here are no meritorious points of error to present."  Counsel's briefs discuss the relevant portions of the records.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel

---

[1]In each case, the State also alleged that appellant received and possessed a firearm.  However, appellant pleaded not true to those allegations, and they were abandoned by the State.

finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Including record references to the facts and setting out pertinent legal authorities, appellant's counsel has discussed why, under controlling authority, there are no errors in the trial court's judgments. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

After searching the records and researching the applicable law, counsel has found no reversible error reflected by the records and has forwarded copies of the briefs and requests to withdraw as counsel to appellant. Counsel also informed appellant of his right to review the record and to file a pro se response in each appeal.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response in either appeal. *See In re Schulman*, 252 S.W.3d at 409.

## II. Independent Review

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief in each appeal and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178

---

[2]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

4

S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment in trial court cause number A-05-5193-CR (appellate cause number 13-09-00030-CR) and the judgment in trial court cause number A-06-5220-CR (appellate cause number 13-09-00029-CR).

### III.  Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)).  We grant counsel's motion to withdraw filed in appellate cause number 13-09-00030-CR that was carried with the case on April 16, 2009.  We also grant counsel's motion to withdraw filed in appellate cause number 13-09-00029-CR that was carried with the case on April 23, 2009.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and the judgment in each case to appellant and to advise appellant of his right to file

petitions for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


                                                        NELDA V. RODRIGUEZ
_____Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 9th day of July, 2009.

---

[3]No substitute counsel will be appointed.  Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review in each case.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.