**Opinion issued July 15, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00527-CV

————————————

## KAREN MURRAY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JEAN PIERRE ANTHONY JACKSON SMITH, Appellant

## V.

## PINNACLE HEALTH FACILITIES XV D/B/A WOODRIDGE NURSING & REHABILITATION, Appellee

---

### On Appeal from the 270th District Court
### Harris County, Texas
### Trial Court Case No. 2012-49263

---

### MEMORANDUM OPINION

Appellant, Karen Murray, individually and as representative of the Estate of

Jean Pierre Anthony Jackson Smith, challenges the trial court's rendition of

summary judgment in favor of appellee, Pinnacle Health Facilities XV doing business as Woodridge Nursing & Rehabilitation ("Pinnacle"), in Murray's suit against Pinnacle for the wrongful death of Smith, her child. In her sole issue, Murray contends that the trial court erred in granting Pinnacle summary judgment.

We affirm.

## Background

In her petition, filed on August 27, 2012, Murray raised claims for wrongful death and survival, alleging that Pinnacle provided "medical care, advice and treatment" to Smith. In doing so, Pinnacle violated the "duty of care it owed to" Smith, was negligent, and caused Smith's death on August 28, 2010.

Pinnacle moved for summary judgment, asserting that the statute of limitations barred Murray's claims. Pinnacle argued that Murray was required to file suit no later than two years from the date Smith was discharged from Pinnacle's care, August 24, 2010, because her claims are for health care liability and she failed to provide the required medical authorization necessary to toll limitations.[1] Pinnacle attached to its motion a copy of its discharge form for Smith, a January 18, 2011 notice of claim from Murray, and a "HIPAA Authorization to Disclose Protected Health Information" form signed by Murray.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a), (c) (Vernon 2011), § 74.052 (Vernon Supp. 2013), § 74.251(a) (Vernon 2011) (governing statute of limitations for health care liability claims, medical authorization, and tolling of statute of limitations).

2

In her response to Pinnacle's motion, Murray argued that the statute of limitations should be tolled for seventy-five days because she provided Pinnacle with the requisite notice and medical authorization.[2] Murray attached to her response an affidavit from her counsel, who testified that he sent the notice and medical authorization to Pinnacle on November 11, 2010. She also attached to her response a copy of her November 11, 2010 notice of claim and a "HIPPA Authorization to Disclose Protected Health Information" form signed by her.

After the trial court denied Pinnacle's summary-judgment motion, Pinnacle filed a motion for rehearing, arguing that Murray's claims were barred by the statute of limitations because Murray had failed to provide Pinnacle with a proper medical authorization.[3] Pinnacle attached to its motion for rehearing the same exhibits it had attached to its summary-judgment motion. In response, Murray asserted that there was "a genuine issue of material fact . . . as to [her] claim of the tolling of the Statute of Limitations" and Pinnacle should not be allowed to complain that her notice and medical authorization were improper when Pinnacle had previously denied that Smith had been a resident at Pinnacle. Murray attached to her response an affidavit from her counsel, who testified that he sent the notice and medical authorization to Pinnacle on November 10, 2010, and Pinnacle had

---

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.051(a), (c), 74.052 (addressing notice, medical authorization, and tolling of statute of limitations).

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.051(a), (c), 74.052, 74.251(a).

denied that Smith had been its resident. She also attached to her response a copy of her November 11, 2010 notice of claim, a "HIPPA Authorization to Disclose Protected Health Information" form signed by Murray, and Pinnacle's December 6, 2010 "Medical Records Request Response Form," which stated that Smith had not been a resident at Pinnacle.

The trial court granted Pinnacle's motion for rehearing and signed an order "alter[ing] its [previous] ruling denying [Pinnacle's] Motion for Summary Judgment" and dismissing all of Murray's claims against Pinnacle. Murray subsequently filed a motion for new trial, arguing that, "because of the defective discharge of the deceased by [Pinnacle]," the statutory date for the filing of her claims was "August 27[,] 2012 instead of August 23, 2012." The motion was overruled by operation of law.

## Summary Judgment

To prevail on a summary-judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341;

4

*Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in its favor. *Id.* at 549.

In her sole issue, Murray argues that the trial court erred in granting Pinnacle summary judgment because Smith had been "transported to a hospital for emergency treatment of bedsores and the requirements for discharge [were] not . . . met pursuant to the Texas Administrative Code." In other words, Murray seeks to challenge "the discharge compliance with the Texas Administrative Code" on appeal.

In response, Pinnacle argues that Murray waived this issue for appellate review because she did not raise it in her response to Pinnacle's summary-judgment motion or in her response to Pinnacle's motion for rehearing. Because Murray did not raise her argument concerning Smith's purportedly defective discharge in the trial court, we must address the issue of whether she waived her right to challenge the summary judgment on such grounds. *See Wilson v. Deutsche Bank Trust Co. Ams.*, No. 01-12-00284-CV, 2014 WL 1516533, at *3 (Tex. App.—Houston [1st Dist.] Apr. 17, 2014, no pet.) (mem. op.); *Kuper v. Stewart*

*Title Guar. Co.*, No. 01-00-00777-CV, 2002 WL 31429754, at \*4 (Tex. App.—Houston [1st Dist.] Oct. 31, 2002, no pet.) (not designated for publication).

A non-movant must expressly present in her written response or answer to a summary-judgment motion any issues that would defeat the movant's entitlement to summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341, 343 (Tex. 1993); *Dubose v. Worker's Med., P.A.*, 117 S.W.3d 916, 920 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Frazer v. Tex. Farm Bureau Mut. Ins. Co.*, 4 S.W.3d 819, 824–25 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). To "expressly" present issues, the written answer or response to the summary-judgment motion must fairly apprise the movant and the trial court of the issues the non-movant contends should defeat summary judgment. *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 119 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Any issues not expressly presented by the non-movant to the trial court in a written response may not be considered as grounds for reversal.[4] *See* TEX. R. CIV. P. 166a(c); *Dubose*, 117 S.W.3d at 920; *Frazer*, 4 S.W.3d at 825; *see also* TEX. R. APP. P. 33.1(a) (as prerequisite for presenting complaint for appellate review,

---

[4] The exception to this general rule is that the non-movant may still challenge on appeal the legal sufficiency of the evidence supporting summary judgment. *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 516–17 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Here, Murray does not challenge the legal sufficiency of the evidence supporting summary judgment.

record must show complaint was made to trial court by timely request, objection, or motion). The failure to present an issue to defeat summary judgment in the trial court waives the issue on appeal. *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009); *Dubose*, 117 S.W.3d at 920; *Kaye v. Harris Cnty. Mun. Util. Dist. No. 9*, 866 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1993, no writ).

Murray did not raise, in either her response to Pinnacle's summary-judgment motion or her response to Pinnacle's motion for rehearing,[5] the issue concerning Smith's purportedly defective discharge by Pinnacle. Instead, Murray waited until her motion for new trial—filed after the trial court had granted Pinnacle's motion for rehearing and dismissed Murray's claims against Pinnacle—to raise the issue of the faulty discharge of Smith. This was not sufficient to preserve the issue for appellate review. *See Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797–98 (Tex. 2008) (argument first raised by non-movant in post-judgment filing did not preserve argument for appeal); *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 467 (Tex. 1998) (party waived reliance on argument that it asserted for first time in motion for new trial); *UL, Inc. v. Pruneda*, No. 01-09-00169-CV, 2010 WL 5060638, at *8 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, no pet.)

---

[5] *See Lection v. Dyll*, 65 S.W.3d 696, 703 (Tex. App.—Dallas 2001, pet. denied) ("[M]otion to reconsider the denial of the motion for summary judgment [is] simply a reassertion of the motion for summary judgment.").

(mem. op.) (appellate court cannot consider, as grounds for reversal, argument first raised post-judgment in reply to appellee's response to appellant's motion for new trial); *City of Lancaster v. Clopton*, 246 S.W.3d 837, 839 (Tex. App.—Dallas 2008, no pet.) ("Alleged unconstitutionality of the statute raised for the first time in the City's postjudgment motions did not bring the issue before the trial court and will not be considered by this Court."); *Bazile v. Aetna Cas. & Sur. Co.*, 784 S.W.2d 73, 74 (Tex. App.—Houston [14th Dist.] 1989, writ dism'd) (appellant waived argument presented for first time in motion for new trial). Because Murray did not timely raise her argument regarding the alleged defective discharge of Smith, we hold that she waived the issue for appellate review and we may not consider it as grounds for reversal. *See* TEX. R. CIV. P. 166a(c).

We overrule Murray's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.