**Opinion issued December 28, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-19-00956-CV**

————————————

**DONALD YOUNG AND DORIS YOUNG, Appellants**

**V.**

**DWAYNE R. DAY, P.C. AND DWAYNE R. DAY, Appellees**

---

**On Appeal from County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Case No. CV-0072910**

---

## MEMORANDUM OPINION

This is the second appeal to this Court from a summary judgment granted by the trial court in favor of appellees in this professional negligence case. As detailed in our previous opinion, appellants Donald and Doris Young ("Youngs") sued appellees Dwayne R. Day, P.C. and Dwayne R. Day (collectively, "Day")

after Day represented them in a personal injury suit in 2009. *See Young v. Dwayne R. Day*, No. 01-16-00325-CV, 2018 WL 1473931, at \*3 (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, pet. denied) (mem. op.). The Youngs asserted claims against Day for professional negligence, breach of contract, negligent misrepresentation, fraud, breach of fiduciary duty, violations of the Deceptive Trade Practices Act ("DTPA"), and declaratory relief. *See id.* at \*1. The trial court granted summary judgment in favor of Day on all of the Youngs' claims. On appeal, we reversed the portion of the trial court's judgment rendered in favor of Day on the Youngs' professional negligence claim stemming from the allegation Day received but failed to convey a $200,000 settlement offer to the Youngs, and we remanded the case for further proceedings.[1]

On remand, Day again moved for summary judgment on the Youngs' remaining professional negligence claim, this time on no-evidence grounds. The trial court granted summary judgment in Day's favor.

---

[1] The Youngs' professional negligence claim was based on various independent allegations. While we held the trial court erred in granting summary judgment to Day on the Youngs' claim based on the allegation Day failed to convey a settlement offer to the Youngs, we nonetheless concluded the trial court properly granted summary judgment in favor of Day on the Youngs' professional negligence claim based on the remaining allegations that Day failed to (1) file suit against Clear Lake Rehabilitation Hospital before the statute of limitations expired and (2) call certain witnesses to testify at trial or designate his own expert medical witness. *See Young v. Dwayne R. Day, P.C.*, No. 01-16-00325-CV, 2018 WL 1473931, at \*11 (Tex. App.—Houston [1st Dist.] Marr. 27, 2018, pet. denied) (mem. op.).

The Youngs now raise five issues on appeal. In issues one through three, the Youngs challenge the trial court's orders (1) granting Day's no-evidence motion for summary judgment on their professional negligence claim, (2) granting Day's motion for sanctions, and (3) denying the Youngs' motion to reinstate. In their fourth issue, the Youngs contend the trial court judge should have recused himself. In their fifth issue, they assert the trial court erred in granting relief after its plenary power expired. We affirm.

### Background

The procedural and factual histories of this case are set forth in our first opinion. *See Young*, 2018 WL 1473931, at *1–2. We therefore present only a summary of the background and the procedural history relevant to the issues currently before us.

### A.    First Appeal

In 2009, Day represented the Youngs in a personal injury lawsuit against Don Clapsaddle ("Clapsaddle") stemming from injuries Donald Young ("Donald") claimed he sustained after Clapsaddle allegedly struck him with his car while he was walking in a post office parking lot in August 2007. At the conclusion of trial,

the jury found Donald solely responsible for the accident, and the trial court rendered a take-nothing judgment against the Youngs.[2]

In 2014, the Youngs filed suit against Day for professional negligence, breach of contract, negligent misrepresentation, fraud, breach of fiduciary duty, violations of the DTPA, and declaratory relief all arising from the Clapsaddle lawsuit. The Youngs were represented by Ron Hall ("Hall") for whom the Youngs' daughter, Donna Holcomb ("Holcomb"), worked as a paralegal. Day filed a traditional motion for summary judgment on the Youngs' claims. Following a hearing, the trial court granted Day's summary judgment motion, and the Youngs appealed.

We affirmed the trial court's order granting summary judgment on the Youngs' claims except their professional negligence claim stemming from the allegation Day failed to inform them of a $200,000 settlement offer to resolve the Clapsaddle lawsuit. *See id.* at *11. We held that, as the movant, Day bore the burden to disprove he owed a duty to the Youngs to convey the settlement offer or that he breached that duty. *See id.* at *8. We held that because Day failed to present expert testimony explaining why he had no duty to inform the Youngs of the settlement offer based on his contention the Youngs had unethical and illegal

---

[2]    The Fourteenth Court of Appeals affirmed. *See Young v. Clapsaddle*, No. 14-11-00396-CV, 2012 WL 2160249 (Tex. App.—Houston [14th Dist.] June 14, 2012, no pet.) (mem. op.).

4

motives, the Youngs did not have to bring forth expert testimony themselves. *See id.* We remanded the case to the trial court for further proceedings. *See id*. at *11.

**B. Second Appeal**

Following remand, the trial court held a status conference. Day's counsel and the Youngs' recently retained attorney, Tom Dickens ("Dickens"), agreed on a docket control order setting an (1) August 16, 2019 discovery deadline, (2) an August 30, 2019 pretrial conference, and (3) a September 16, 2019 preferential trial date. The order stated that "[f]ailure to appear will be grounds for dismissal for want of prosecution."

Day's counsel made several requests to Dickens over the ensuing weeks requesting deposition dates for the Youngs, their experts, and Holcomb. When the requests went unanswered, Day unilaterally noticed the depositions of the Youngs, Dickens, Holcomb, and the Youngs' handwriting and standard-of-care experts. The Youngs moved to quash the depositions. Day filed a response to the motion to quash, a motion to compel depositions, and a motion for sanctions. Day filed an emergency hearing on the motions, which was set for July 18, 2019.

On July 16, 2019, Dickens moved to withdraw as the Youngs' counsel. He asserted he had good cause for the withdrawal because:

1. Movant is unable to effectively communicate with Plaintiffs in a manner consistent with good attorney-client relations.

2. Plaintiffs and co-counsel refuse to cooperate to consent to an agreement to proceed with the case.

3. Movant is unable to obtain client's consent for appropriate documents from Plaintiffs and co-counsel for Discovery.

In a motion for continuance filed the next day, Dickens elaborated on the good cause for withdrawal, stating, in relevant part:

1. Movant has filed a motion to withdraw in this case based upon the grounds stated in the Motion to Withdraw.

2. Based upon the communication with the Paralegal who is employed by Ron Hall I have been refused access to the clients and essentially ordered to not communicate with the expert witness, as necessary to arrange for depositions.

3. I have also been accused of malpractice in that email.

4. I must assume that the Paralegal is either acting as the representative of Ron Hall, which I assume she has that authority, or acting on behalf of the client which are her parents. I have not seen a power of attorney giving her that authority.

5. Ron Hall has refused to meet with me and has refused to even call me.

6. The representation made to me when making an appearance were not as I found the facts to be surrounding the case.

Dickens requested the trial court grant a thirty-day continuance to allow the Youngs time to seek counsel.

On July 18, 2019, the trial court held a hearing on Day's motion to compel depositions and Dickens' motion to withdraw. The trial court ordered that the Youngs' depositions take place at the courthouse on August 7, 2019, but it

6

declined to rule on Dickens' motion to withdraw to ensure the Youngs had counsel present at their depositions. The trial court also entered a show cause order directing Hall and Dickens to appear on August 7, 2019, to clarify who was representing the Youngs.

On July 19, 2019, the Youngs filed a second amended and supplemental petition. In their amended pleading, the Youngs reasserted their claim for legal malpractice based on Day's alleged failure to inform them of a $200,000 settlement offer in the Clapsaddle lawsuit. They also asserted claims for negligence[3] and gross negligence stemming from Day's alleged failure to convey the settlement offer claiming Day had acted with malice or fraud.

On July 22, 2019, the Youngs filed notices terminating Dickens and Hall as their counsel. The Youngs alleged Dickens never called them despite being requested to do so, would not meet with them after they could not attend the initial meeting Dickens arbitrarily scheduled, and did things he was told not to do. As for Hall, the Youngs stated they sought to terminate Hall to honor their agreement that

---

[3] With respect to their negligence claim, the Youngs alleged generally that Day failed to (1) provide competent and diligent representation, (2) exercise reasonable care to protect the Youngs' interest, (3) advise the Youngs properly, giving them erroneous facts and legal advice, and (4) act as a reasonably prudent attorney practicing law in Texas would under the same or similar circumstances. The Youngs alleged that Day's negligence proximately caused them to sustain damages including a $200,000 settlement award.

7

he no longer had to represent them after their first appeal if the appellate court reversed the trial court's judgment and remanded the case to the trial court.

On July 23, 2019, the Youngs, proceeding pro se, emailed Day's counsel stating they were aware of their depositions scheduled for August 7, 2019, requesting courtesy copies of filings, and stating they did not agree to accept service by email. That same day, Day's counsel emailed the transcript of the July 18, 2019 hearing, the show cause order, and the deposition notices to the Youngs. Day's counsel noted that Texas Rule of Civil Procedure 21a(a)(2) permits service by email and requested that the Youngs provide him with other email addresses, fax numbers, and the physical address where they wished to receive service. The Youngs did not respond.

On July 30, 2019, Day filed a no-evidence motion for summary judgment on the Youngs' remaining claims for legal malpractice, negligence, and gross negligence. Although the Youngs asserted separate claims for legal malpractice and negligence, Day argued that a claim for legal malpractice is a claim for negligence. Day asserted the Youngs had no evidence to support the elements of duty, breach, causation, and damages for their professional negligence claim based on the Youngs' allegation Day failed to convey a $200,000 settlement offer to them in the Clapsaddle lawsuit, and the Youngs lacked the expert testimony necessary to support these elements. Day also argued the Youngs failed to present

more than a scintilla of evidence showing Day committed actual fraud, malice, or gross negligence to support their claim for exemplary damages. The motion was set for a hearing on August 21, 2019.

On August 7, 2019, the Youngs failed to appear for their court-ordered depositions. They responded to Day's counsel's email dated July 23, 2019, stating they only saw the email for the first time that day and suggesting they would cancel their email account if Day insisted on serving them by email. The Youngs filed an emergency motion for protection and continuance requesting their depositions be rescheduled and that all the deadlines be extended for at least sixty days to permit them time to hire counsel. The Youngs stated Donald Young ("Donald") was very sick and had been admitted to the hospital by ambulance. They attached Donald's hospital admission form dated July 17, 2019, and a note from Donald's physician dated July 22, 2019, stating Donald had been recently discharged from the hospital and could not appear for his scheduled court appearance due to his failing health. The motion was not set for a hearing.

On August 7, 2019, the trial court granted Dickens' motion to withdraw. On August 9, 2019, Day's counsel emailed the Youngs a copy of the docket control order, Day's no-evidence motion for summary judgment and notice of hearing, and discovery requests Day had served on the Youngs. Day's counsel also sought agreement from the Youngs on new deposition dates. When the Youngs failed to

respond, Day's counsel emailed the Youngs informing them their depositions were scheduled for August 14, 2019, and their experts' depositions the next day. Day's counsel delivered the deposition notices to the Youngs on August 10, 2019 via FedEx. On August 12 and 13, 2019, Day's counsel emailed the Youngs inviting them to provide alternative deposition dates should they have a scheduling conflict.

On August 14, 2019, the Youngs again failed to appear for their scheduled depositions. They moved to quash the deposition before they were set to begin. In the motion, the Youngs stated they were unaware of the deposition dates and the FedEx package with the notices had been picked up by someone else and not opened until the day before. The Youngs attached to their motion a letter from Donald's physician stating she did not feel Donald was physically fit to travel to the courthouse for his deposition and recommending he be permitted another month for his health to improve. In response, Day's counsel offered to take the Youngs' depositions at their home.

On August 14, 2019, the Youngs filed their summary judgment response. They argued Day breached the duty he owed them to inform them of the $200,000 settlement offer as well as a duty not to forge their signatures on a memorandum purportedly reflecting they declined the offer, and that these breaches proximately caused them damages in the amount of $200,000. The Youngs argued Day committed gross negligence and acted with malice by forging or fabricating their

10

signatures on the memorandum showing they allegedly refused the $200,00 settlement offer, and that his failure to convey the offer constituted an extreme degree of risk. They claimed they had asked Day's counsel for original copies of the documents they allegedly signed rejecting the $200,000 settlement offer but that Day's counsel never responded. They attached to their response their declarations attesting they did not know about the $200,000 offer.[4]

On August 16, 2019, Day filed a motion for sanctions seeking attorney's fees and requesting the trial court to strike the Youngs and their experts as witnesses based on the Youngs' bad-faith delay tactics and refusal to cooperate. Day also filed a reply in support of his summary judgment asserting several evidentiary objections to the Youngs' declarations and moving for additional sanctions. The trial court held a hearing on Day's no-evidence motion for summary judgment but did not issue a ruling at that time.

On August 21, 2019, the Youngs filed a response to Day's motion for sanctions in which they requested a sixty-day stay of all deadlines because of Donald's health problems and to allow time for the Youngs to retain new counsel.

---

[4] That same day, the Youngs also filed with this Court a petition for writ of mandamus requesting that all deadlines in the suit be extended and a corresponding emergency motion to stay trial court proceedings. We denied the Youngs' emergency motion to stay the same day, and on August 27, 2019, we denied the Youngs' petition for writ of mandamus. The Youngs also filed a supplemental second amended petition restating their punitive damage allegations and a motion for protection from unknown discovery.

11

The Youngs also filed an emergency motion for continuance or stay, which was not set for hearing or submission, and a notice that appears to relate to the parties' settlement negotiations.[5]

On August 27, 2019, Day sent a notice to the Youngs advising them that all pending issues would be considered during the August 30, 2019 pretrial conference. That same day, Day filed a supplement in support of his motion for sanctions. The Youngs filed a supplemental response to the motion for sanctions, arguing, among other things, that the trial court treated them unfairly and Dickens had deliberately worked against them.

On August 30, 2019, the trial court conducted the pretrial conference. The Youngs did not appear but instead filed a supplemental emergency motion for continuance and stay which was not set for hearing or submission. The trial court entered an order granting Day's no-evidence motion for summary judgment on the Youngs' remaining claims and, alternatively, dismissing the case for want of prosecution. The trial court also sustained all of Day's objections to the Youngs' summary judgment evidence. The order stated the trial court had

---

[5]     The pleading is entitled "Plaintiffs' Notice to Judge Ewing that They Tried to Settle the Case by Taking No Money and Only Taking Their Rightful Property, the (3) Memorandums, (1) Contract, and (1) Doodle Sheet (Which Defendants Call Originals), But Defendants' Attorneys Tried to Make Plaintiffs Sign a One-Sided Settlement With No Place for Dwayne Day to Sign and Without Being Able to Get an Attorney Fast Enough."

afforded all parties notice that a failure to appear at the pretrial conference, which was set for 9:30 a.m. on August 30, 2019, would be grounds for dismissal for want of prosecution. Donald Young and Doris Young failed to appear for the pretrial conference. Taking judicial notice of its entire record and finding Donald and Doris Young have not presented any credible evidence or reasonable excuse for their failure to appear, the Court in the alternative **DISMISSES FOR WANT OF PROSECUTION** all of Donald Young's and Doris Young's claims in this case.

On September 30, 2019, the Youngs filed a motion for new trial and a motion to reinstate. In support of their motions, the Youngs argued Day had a history of abusing the discovery process, aided by the trial court which "has vehemently pursued its desire to eliminate Plaintiffs' claims by whatever means [] available." The Youngs asserted they could not appear at the pretrial conference, and further that Day did not object to the Youngs' summary judgment evidence and the trial court's summary judgment order was confusing. Day responded to the Youngs' motion for new trial and motion to reinstate. He also requested that the Youngs' motions be struck as a sanction.

On November 6, 2019, the trial court held a hearing on the Youngs' motion for new trial and motion to reinstate as well as Day's motion for sanctions. Noting that some of the Youngs' allegations were directed at the trial court and its rulings, the trial court judge inquired whether the Youngs were requesting that he recuse from the case. After the Youngs responded affirmatively, the trial court judge determined he first needed to consider the Youngs' oral request for recusal before

ruling on the pending motions before him. On November 8, 2019, the Youngs filed a written motion to recuse. On November 11, 2019, the presiding judge of the Eleventh Administrative Judicial Region of Texas denied the Youngs' motion to recuse because the motion was untimely, was based primarily on the trial court's rulings, and failed to provide adequate details or specificity to meet the standard required for recusal.

The trial court set another hearing on the Youngs' pending motions for new trial and to reinstate for December 31, 2019. Day reset his motions for sanctions to be heard on the same day. Day's counsel appeared at the hearing, but the Youngs did not. The trial court reset the motions for submission on January 7, 2020.

On January 8, 2020, the trial court entered (1) an amended order striking the Youngs' declarations filed with their summary judgment response and motion for new trial and motion to reinstate and (2) an order denying the Youngs' motion for new trial and motion to reinstate. The Youngs filed a notice of appeal.

**Standard of Review**

We review a trial court's summary judgment ruling de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). After an adequate time for discovery, a party may move for a no-evidence motion for summary judgment on the ground that no evidence exists of one or more essential elements of the claim or defense on which the adverse party bears the burden of proof at

14

trial. TEX. R. CIV. P. 166a(i); *see LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006). The burden then shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the challenged elements of its claim or defense. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A no-evidence summary judgment is improper if the nonmovant brings forth more than a scintilla of probative evidence raising a genuine issue of material fact. *Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact.'" *Id.* (quoting *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (internal quotation omitted)). "More than a scintilla exists if it would allow reasonable and fair-minded people to differ in their conclusions." *Id.* Unless the nonmovant raises a genuine issue of material fact, the trial court must grant summary judgment. *See* TEX. R. CIV. P. 166a(i).

A party who files a no-evidence motion for summary judgment under Rule 166a(i) essentially requests a pretrial directed verdict. *Mack Trucks*, 206 S.W.3d at 581. We review the evidence presented by the summary judgment record in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and

disregarding contrary evidence unless reasonable jurors could not. *Id.* at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

## Summary Judgment Order

In their first issue, the Youngs challenge the trial court's August 30, 2019 order granting summary judgment to Day on the Youngs' claims for professional negligence, negligence, and gross negligence. In several sub-issues, the Youngs argue (1) the language in the order does not grant actual relief, (2) even if it does, the trial court erred because this Court's determination in the first appeal that a fact issue existed precluding summary judgment on the Youngs' professional negligence claim is law of the case, (3) they did not receive notice of the summary judgment hearing, and (4) the trial court erred in sustaining Day's objections to the Youngs' summary judgment evidence because Day did not object to the evidence either in his summary judgment motion or in his reply.

The trial court's August 30, 2019 order states, in relevant part:

> Today the Court considered Defendants Dwayne R. Day, P.C. and Dwayne R. Day's No-Evidence Motion for Summary Judgment (the "Motion"). Having considered the Motion, the response, the reply, and arguments of Counsel, the Court concludes the Motion should be **GRANTED**.

16

The Youngs argue this language does not grant any relief because "[i]t only says that the motion should be granted . . . which is not the same as saying the motion is granted."

"A judgment should be construed as a whole toward the end of harmonizing and giving effect to all the court has written." *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987). "The entire content of the written instrument and the record should be considered." *Id.* (citing *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex. 1971)). By concluding that Day's no-evidence motion for summary judgment should be granted, the trial court was stating what it was, in fact, doing—granting the motion for summary judgment. The title of the trial court's order supports this conclusion. It is entitled "Order *Granting* Defendants' No-Evidence Motion for Summary Judgment." (Emphasis added). In its January 8, 2020 order denying the Youngs' motion for new trial and motion to reinstate, the trial court also clarified that the "Court's rulings granting Defendants' motion for summary judgment, sustaining evidentiary objections, alternatively dismissing the Youngs' claims for want of prosecution, and striking the Youngs' declarations stand." Thus, contrary to the Youngs' argument, it is clear the trial court's August 30, 2019 order *granted* summary judgment to Day on the Youngs' claims. *See id.* (stating courts should construe judgment as whole to give effect to all that is written).

17

The Youngs argue the trial court nonetheless erred because our determination in the first appeal that a fact issue existed precluding summary judgment on the Youngs' professional negligence claim based on the allegation Day failed to convey a $200,000 settlement offer to the Youngs is law of the case. The Youngs did not preserve this issue for appeal and thus we cannot consider it.

As a prerequisite to presenting a complaint for appellate review, the record must show that a complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). In the context of summary judgments, a nonmovant must present any issues that would defeat the movant's entitlement to summary judgment expressly in their written response. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341, 343 (Tex. 1993) ("A motion must stand or fall on the grounds expressly presented in the motion."); *Dubose v. Worker's Med., P.A.*, 117 S.W.3d 916, 920 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Frazer v. Tex. Farm Bureau Mut. Ins. Co.*, 4 S.W.3d 819, 824–25 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Any issues, except legal sufficiency, not expressly presented by the nonmovant to the trial court in a written response may not be considered as grounds for reversal on appeal. *See City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979) (holding plaintiff was not entitled to defeat summary judgment where it raised fact issue for first time on appeal which was not expressly presented to trial court); *Dubose*, 117

18

S.W.3d at 920; *Frazer*, 4 S.W.3d at 825; *see also* TEX. R. APP. P. 33.1(a). The failure to present an issue to defeat summary judgment in the trial court waives the issue on appeal. *D.R. Horton–Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009). Because the Youngs did not present their law-of-the-case argument in their response to Day's motion for summary judgment, they waived the argument on appeal. *See Reeder v. Curry*, 426 S.W.3d 352, 362 (Tex. App.—Dallas 2014, pet. denied) ("Because [plaintiff] did not expressly present law of the case in his response to the motion for summary judgment, it 'shall not be considered on appeal as grounds for reversal.'"); *West v. Northstar Fin. Corp.*, 02-08-00447-CV, 2010 WL 851415, at *10 (Tex. App.—Fort Worth Mar. 11, 2010, pet. denied) (mem. op.) (concluding plaintiffs' failure to present law-of-the-case argument in summary judgment response waived argument on appeal); *see generally Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) ("[A] party who fails to expressly present to the trial court any written response in opposition to a motion for summary judgment waives the right to raise any arguments or issues post-judgment.").

The Youngs next argue the trial court's August 30, 2019 order should be set aside because they did not receive notice that Day's no-evidence motion for summary judgment would be considered on August 30, 2019. But the summary judgment was not "considered" on that date. Rather, August 30, 2019 is the date

19

on which the trial court entered its order after conducting a hearing on the motion on August 21, 2019. The record shows the Youngs knew about the August 21, 2019 summary judgment hearing because they filed several pleadings on August 14, 2019, including their summary judgment response and a petition for writ of mandamus, in which they stated the summary judgment hearing was set for August 21, 2019. The trial court held a hearing on Day's no-evidence motion for summary judgment on August 21, 2019, and, as is often the case, took the motion under advisement without issuing a ruling at that time. The Youngs' argument they failed to receive notice the motion was being considered lacks merit.

The Youngs' final argument that the trial court erred in sustaining Day's objections to the Youngs' summary judgment evidence because Day did not object to their evidence is equally unavailing. The record reflects Day asserted several evidentiary objections to the Youngs' declarations in his summary judgment reply.

We overrule the Youngs' first issue.

### Motion for Reinstatement

In their second issue, the Youngs contend the trial court erred when it failed to hold a hearing on their motion to reinstate. They further argue their motion should have been granted.

## A. Applicable Law

Texas Rule of Civil Procedure 165a(3) sets out the procedure for reinstating a case dismissed for want of prosecution. *See* TEX. R. CIV. P. 165a(3). A trial court is compelled to reinstate a case "upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id.* To determine whether the trial court abused its discretion in refusing reinstatement, we review the entire record and determine whether the evidence was sufficient to establish the failure of the party was not due to accident, mistake, or other reasonable explanation. *Lessard v. Velsicol Chem. Corp.*, No. 13-00-00113-CV, 2009 WL 1089362, at *8 (Tex. App.—Corpus Christi–Edinburg Apr. 23, 2009, pet. denied) (mem. op.). The party requesting reinstatement has the burden to establish reinstatement was required. *Kenley v. Quintana Petroleum Corp.*, 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied). When a timely, verified motion to reinstate is filed under Rule 165a(3), a trial court must conduct an oral hearing and failure to do so requires reversal. *See Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991).

## B. Analysis

On November 6, 2019, the trial court held a hearing on the Youngs' motion for new trial and motion to reinstate as well as Day's motion for sanctions.

Nonetheless, the Youngs claim the trial court failed to hold a hearing on their motion to reinstate. They argue that, at the November 6, 2019 hearing, the trial court judge determined the Youngs wanted to recuse him from the case based on the Youngs' statements in their pending motions. As a result, the Youngs claim they had no choice but to inform the trial court judge during the hearing that they wanted his recusal because they could not get a fair trial, all of which precluded the trial court's consideration of their motion to reinstate.

In their motion to reinstate and motion for new trial, the Youngs alleged the trial court "has vehemently pursued its desire to eliminate Plaintiffs' claims by whatever means is [sic] available" and "actively participated in removing any rights Plaintiffs had in law or equity and literally, again made sure that Defendants won on summary judgment." At the beginning of the November 6 hearing, the trial court stated, "Here's my concern before we even begin these proceedings. Some of the allegations contained in the motion for new trial are directed at me and my participation and rulings." Following a brief recess during which the trial court reviewed the Youngs' motions further, the following exchange took place:

> The Court: So, we're going back on the record in Cause No. CV72910, Young v. Day.
>
> And if I could have the parties come up, please.
>
> All right. So I have reviewed again the motion for new trial. At this time—and of course, as I mentioned before, there were some

allegations that referenced the Court and its rulings with respect to discovery in this case.

So, at this time I guess the first question is—is that of the plaintiffs is: Mr. Young, are you requesting that the Court recuse itself?

Ms. Young: We hadn't requested that.  Well, we have, I guess.

The Court: All right.  Are you requesting that I recuse myself?  That means—

Ms. Young: We would like that, Your Honor.  Yes.

The Court: Do what?

Ms. Young: We think that would be appropriate.  We do.

Mr. Young: Yes.

Following this exchange, the trial court offered the Youngs the opportunity to present argument or evidence in support of their pending motions:

The Court: And so, here's what I'm going to do—is there anything that you want to add outside of the motion [for new trial and motion to reinstate] itself here today that you want to advise the Court or is everything that you—I see you filed declarations and everything else and have appeared here today.  Anything else that—I want to give you an opportunity here today because y'all haven't appeared on the others.  Your attorney hasn't appeared, and so—previously on numerous occasions.  So, anything you want to add on the record here today?

Ms. Young: I think it pretty well states it in the motion, Your Honor.

The Court: All right, Mr. Young?

Mr. Young: No, Your Honor. That's about it.

23

Following this exchange, the record reflects the trial court offered the Youngs two more opportunities to provide evidence or argument in support of their pending motions on the record before the hearing concluded.

Having reviewed the record before us, we conclude the trial court provided a hearing to the Youngs on their motion to reinstate and numerous opportunities to present evidence and argument in support of their motion for the court's consideration. Under these circumstances, we hold the trial court satisfied the hearing requirement under Rule 165a(3). *See* TEX. R. CIV. P. 165a; *see also Lessard*, 2009 WL 1089362, at *8 n.10 (concluding where trial court permitted plaintiff opportunity to be heard at hearing on issues related to dismissal it was not also required to conduct separate hearing on motion to reinstate); *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 740–41 (Tex. App.—Waco 2005, pet. denied) (concluding trial court's failure to conduct hearing on plaintiffs' motion to reinstate was harmless error because plaintiffs were provided due process in prior hearing on their motion to dismiss for want of prosecution).

The Youngs also argue the trial court should have granted their motion to reinstate because they established their non-appearance at the August 30, 2019 pretrial conference was not intentional or due to conscious indifference. In support of their assertion, and without citing to legal authority, they argue they believed Day's no-evidence motion for summary judgment had already been granted on

24

August 21, 2019. They also claim Donald was under physician's order not to go anywhere on the date of the pretrial conference.

On August 27, 2019, Day served the Youngs with a notice advising them that all pending issues would be considered during the August 30, 2019 pretrial conference. It stands to reason that if Day's no-evidence motion had been granted on August 21, 2019, there would be no need for a pretrial conference. Further, on the day of the pretrial conference, the Youngs filed a supplemental emergency motion for continuance or stay of all *pending* motions, hearings, and discovery in which they requested a thirty-day continuance of all issues, including discovery. This filing belies the Youngs' assertion they believed the trial court had already granted Day's no-evidence summary judgment motion and the case was no longer pending.

The Youngs point to Donald's physician's note dated July 22, 2019, stating Donald had been recently discharged from the hospital and could not appear for his scheduled court appearance due to his failing health. They also rely on Doris Young's declaration where she states she is Donald's caretaker, as evidence that their failure to appear at the August 30, 2019 pretrial conference was not intentional or the result of conscious indifference.

A trial court may consider the entire history of the case and the existence of reasonable excuses for delay. *Douglas v. Douglas*, No. 01-06-00925-CV, 2008

WL 5102270, at *2 (Tex. App.—Houston [1st Dist.] Dec. 4, 2008, pet. denied) (mem. op.). Even though the Youngs had notice of the August 30, 2019 pretrial conference and the fast-approaching preferential trial setting, they filed a notice terminating Dickens' representation of them on July 22, 2019, and did not obtain new counsel to represented them at the pretrial conference. The Youngs also attached to their motion to reinstate and motion for new trial a September 11, 2019 note from Donald's physician releasing Donald "to perform regular activities, including court proceedings and/or depositions." The trial court could have considered the fact Donald was physically able to attend hearings as of September 11, 2019, yet purportedly unable to attend the pretrial conference only twelve days earlier. A trial court has wide latitude in managing its docket and in determining to move forward even when one party repeatedly seeks delay for health reasons. *See Naik v. Wu*, No. 01-04-01127-CV, 2006 WL 348169, at *1–4 (Tex. App.—Houston [1st Dist.] Feb. 16, 2006, no pet.) (mem. op.) (affirming trial court dismissal and refusal to reinstate plaintiff's lawsuit after plaintiff and her counsel failed to appear at trial that had been reset several times due to plaintiff's counsel's health issues, even when counsel presented uncontroverted doctor's note stating she was unfit to attend trial on setting date); *In re J.O.A.*, No. 14-14-00968-CV, 2016 WL 1660288, at *7 (Tex. App.—Houston [14th Dist.] Apr. 26, 2016, no pet.) (mem. op.) (considering, among other factors, party's counsel's failure to provide

courtesy calls to other parties and inform trial court regarding details of her illness as supporting finding that her failure to appear at preferential trial setting was due to conscious indifference). After reviewing the entire record, we conclude there was sufficient evidence from which the trial court could have determined the Youngs' failure to appear at the August 30, 2019 pretrial conference was not due to accident, mistake, or other reasonable explanation. *See Lessard*, 2009 WL 1089362, at \*8; *Rivas v. Rivas*, No. 01-10-00585-CV, 2012 WL 151462, at \*2 (Tex. App.— Houston [1st Dist.] Jan. 19, 2012, no pet.) (mem. op.) ("As the factfinder at the evidentiary hearing on the motion for new trial, the trial court could have believed some, all, or none of Demetrio's and Maria's testimony in determining whether Demetrio's failure to answer was not intentional or the result of conscious indifference."). The trial court did not abuse its discretion in denying the Youngs' motion to reinstate. We overrule their second issue.

## Motion for Sanctions

In their third issue, the Youngs contend the trial court abused its discretion when it granted Day's motion for sanctions and struck the Youngs' declarations attached to their summary judgment response. They argue they provided the trial court with evidence Donald could not participate in the trial court proceedings and the trial court was thus required to impose lesser sanctions to afford the Youngs due process before striking their declarations.

27

## A.    Applicable Law

We review a sanctions order for abuse of discretion. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009). A trial court abuses its discretion if it imposes a sanction not supported by some evidence or contrary to the only permissible view of properly admitted, probative evidence. *See id.* (citing *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding)). In a sanctions context, the trial court is the factfinder and determines the witnesses' credibility and the weight to be given to their testimony. *See Pressil v. Gibson*, 558 S.W.3d 349, 353 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Davis v. Farias Enters. Ltd.*, No. 14-14-00016-CV, 2015 WL 509514, at *3 (Tex. App.—San Antonio Feb. 4, 2015, no pet.) (mem. op.). We will reverse an order granting sanctions only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *See Unifund CCR Partners*, 299 S.W.3d at 97.

A discovery sanction should be no more severe than necessary to satisfy one of its legitimate purposes. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). Those purposes are to (1) secure the parties' compliance with the discovery rules, (2) deter other litigants from violating the discovery rules, (3) punish violators, and (4) compensate the aggrieved party for expenses incurred. *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016);

*Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986). Courts must consider whether any available lesser sanctions, individually or in combination, would serve these ends. *See TransAmerican*, 811 S.W.2d at 917–18. In all but the most egregious and exceptional cases, a trial court must impose lesser sanctions before resorting to case-determinative ones. *Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004). Case-determinative discovery sanctions should be used only when the misconduct justifies a presumption that the party's claims or defenses lack merit. *TransAmerican*, 811 S.W.3d at 918. To guard against excessive sanctions, the trial court must offer a reasoned explanation for the sanction imposed. *Cire*, 134 S.W.3d at 840.

## B. Analysis

The trial courts' January 8, 2020 sanctions order states in relevant part:

> The Court finds it appropriate and necessary to strike the Plaintiffs' declarations under Texas Rules of Civil Procedure 215.2 and 215.3 and the Court's inherent power because the evidence establishes that, relative to appearing for their own depositions, the Youngs refused to cooperate with their own attorney and, once they were pro se, intentionally ignored Defendants' counsel's numerous attempts to schedule the Youngs' depositions. The Court even ordered the Youngs to appear for their depositions on August 7, 2019 at the courthouse, but they failed to appear, and the Court finds the Youngs' pattern of asserting excuses at the last moment for not appearing to be unbelievable and done for delay.

> The Court determines it would be unfair to Defendants to allow the Youngs to submit testimony via their declarations when they have intentionally and in bad faith refused to allow Defendants to cross-examine the Youngs via depositions and have persistently abused the

29

discovery process. The Court finds it is therefore necessary to strike the Youngs' declarations because allowing them to submit the declarations while at the same time intentionally preventing Defendants from an opportunity to depose them is fundamentally unfair and no lesser sanctions, such as an award of attorney's fees, would adequately address their conduct. For example, if the Court were to assess only attorney's fees as a sanction against the Youngs, they still would be able to present their declaration testimony even though they prevented Defendants from taken their depositions. And simply ordering the Youngs to appear for their depositions is not sufficient because the Court already did so and the Youngs did not appear. Moreover, by refusing to be deposed, the Youngs engage in conduct that justifies a presumption that their claims lack merit, particularly in light of all of the other surrounding circumstances of their bad faith such as misrepresenting that they never had an opportunity to view the original documents, refusing to cooperate with their last attorney Tom Dickens, and misrepresenting that they cannot communicate with Defendants' counsel via email. Accordingly, the Court finds it necessary and does STRIKE Plaintiffs Donald Young's and Doris Young's declarations.

The trial court's order details the evidence on which the court based its decision to strike the Youngs' declarations. It also reflects the trial court considered lesser sanctions and provided the reasons it concluded lesser sanctions would be inadequate to remedy the Youngs' conduct. *See Cire*, 134 S.W.3d at 840 (noting trial court must offer reasoned explanation for sanction imposed). On the record before us, we conclude the trial court did not abuse its discretion in striking the Youngs' declarations. *See* TEX. R. CIV. P. 215.2(b)(4) (authorizing, as sanction when party refuses to comply with discovery requests, order that party is not allowed to support its claims or introduce evidence); TEX. R. CIV. P. 215.3 (authorizing sanctions available in Rule 215.2(b) when party is engaging in

discovery abuse and resisting discovery); *see also Pressil*, 558 S.W.3d at 359 (affirming dispositive sanctions order which showed both that trial court considered lesser sanctions and that it gave reasoned explanation for death penalty sanctions); *Lee v. Wal-Mart*, No. 11-14-00078-CV, 2016 WL 1072644, at *3 (Tex. App.—Eastland Mar. 17, 2016, no pet.) (mem. op.) (finding no abuse of discretion in trial court's exclusion of expert witness' summary judgment affidavit where plaintiffs failed to disclose expert during discovery and sanction was directly connected to offensive conduct and was not excessive under circumstances). We overrule the Youngs' third issue.

### Motion to Recuse

In their fourth issue, the Youngs contend the trial court judge should have recused himself. In support of their contention, they include a laundry list of the trial court's alleged actions or inactions which they assert show the court's "egregious bias."

The Youngs cite no authority in support of their argument, nor do they provide citations to the record. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *M&E Endeavours LLC v. Air Voice Wireless LLC*, No. 01-18-00852-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.) ("M&E Endeavours cites

no authority to support its argument and, as a result, we hold that it has waived its fifth issue."). Although we liberally construe pro se briefs, we still require pro se litigants to comply with applicable laws and rules of procedure. *Shetty v. Arconic Inc.*, No. 01-19-00158-CV, 2020 WL 2026371, at \*2 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.). The Youngs waived their fourth issue.

## Trial Court's Plenary Power

In their fifth issue, the Youngs contend the trial court's January 8, 2020 amended order striking the Youngs' declarations and its order denying the Youngs' motion for new trial and motion to reinstate are void because the trial court's plenary power expired on December 13, 2019, which is 105 days after the August 30, 2019 order granting Day's no-evidence motion for summary judgment.

The trial court's August 30, 2019 order was not a final judgment disposing of all pending claims because Day's motion for sanctions seeking attorney's fees and other relief was still pending. *See Crites v. Collins*, 284 S.W.3d 839, 840–41 (Tex. 2009) (noting expiration date for trial court's plenary power is calculated from date court enters final order disposing of all claims and parties). A motion for sanctions that remains pending when a trial court dismisses a plaintiff's suit precludes a final judgment if not disposed of in the dismissal order. *See Unifund CCR Partners*, 299 S.W.3d at 96 ("[T]he trial court's earlier dismissal order was not intended to be, and was not, a final order disposing of all pending matters and

32

thus appealable. Accordingly, the trial court's plenary power had not expired before it entered the sanctions order."); *In re Reynolds*, No. 14-14-00329-CV, 2014 WL 3002429, at \*6 (Tex. App.—Houston [14th Dist.] July 1, 2014, orig. proceeding) (mem. op.) ("David's request for a sanctions award under Chapter 10 of the Civil Practice and Remedies Code must be resolved for the trial court's judgment to be final and appealable.").

The trial court's August 30, 2019 order did not dispose of Day's motion for sanctions and, thus, the trial court retained plenary power on January 8, 2020 when it entered its (1) amended order granting Day's motion for sanctions and motion to strike evidence as a sanction and (2) order denying plaintiffs' motion for new trial and motion to reinstate. The trial court's January 8, 2020 order stated, "This is a final and appealable judgment that disposes of all parties and all claims not already resolved." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (stating judgment is final if "it clearly and unequivocally states that it finally disposes of all claims and all parties."). We overrule the Youngs' fifth issue.

## Conclusion

We affirm the trial court's judgment.

                                    Veronica Rivas-Molloy
                                    Justice


Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.